HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEBORAH J.M. OBERG,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　　　　　Defendant. | No.  09-cv-5526-RBL<br><br>ORDER<br><br>(Dkt. #44) |

Before the Court is Plaintiff's Motion for Attorney's Fees (Dkt. #44) under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").  The motion is granted.

### I.　FACTUAL SUMMARY

This case presents highly unusual circumstances and only those facts necessary to resolution of the motion are presented here.  The case arises out of the denial of Plaintiff's application for disability insurance benefits.  Plaintiff appealed the denial on a number of grounds, including that the Administrative Law Judge ("ALJ") had "reopened" a prior application period, that the ALJ improperly discredited Plaintiff's testimony, and that the ALJ improperly relied on an analysis from Plaintiff's previous application.  *See Oberg v. Astrue*, No. 11-35047, at 2–4 (9th Cir. Mar. 19, 2012) (unpublished memorandum disposition).  The Ninth Circuit found those arguments meritless.  The appellate court held, however, that the ALJ had made two errors.  First, the ALJ erred in considering Plaintiff's age—she was 50, not 48—and reversed on that basis.  *See id.* at 4.  Further, the Ninth Circuit held that the Appeals Council

gave erroneous reasons for rejecting lay affidavits presented by Plaintiff to the Appeals Council after the administrative decision. *Id.* The Appeals Council reasoned that the affidavits pertained to a time period *after* the ALJ ruled. The Ninth Circuit disagreed—the affidavits pertained to the relevant time period.

Plaintiff requests $14,297.19, expenses of $63.70, and costs in the amount of $814.99.

## II.    DISCUSSION

### A.  Standard

The EAJA provides for prevailing-party attorney's fees when the government's position is not "substantially justified":

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The government's position is substantially justified if—although incorrect—it is "justified to a degree that could satisfy a reasonable person" or has a "reasonable basis in both law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565, 566 n.2 (1988). The government bears the burden to show its position—which includes both the agency's original actions and the government's subsequent defense—was substantially justified. *Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995); 28 U.S.C. § 2412(d)(2)(D); *see also Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988). Importantly, the government's failure to prevail "does not raise a presumption that its position was not substantially justified." *Kali*, 854 F.2d at 334.

### B.  The Age Error

These standards do not compel a clear outcome in this case, an unsurprising result given the odd posture. The Ninth Circuit reversed on an issue that Plaintiff had waived. Indeed, the issue was raised ***by the Government*** in its response brief to the appellate court. Thus, the appeal process was almost certainly prolonged by the late discovery of the ALJ's error.

Further, the ultimate effect of the ALJ's error remains to be seen. The Government argues that the reversal is immaterial to the ALJ's ultimate conclusion. In its words, the "court

of appeals did not find that the change in Plaintiff's age category was actually material in this case" and did not therefore reverse the ALJ's conclusion. (Def.'s Resp. at 4, Dkt. #46.) Essentially, the ALJ erred in reasoning, but not necessarily in conclusion.

But contrary to the Government's contention, the age error was significant enough that the Ninth Circuit remanded to the ALJ for reconsideration rather than simply holding the error harmless. Thus, while the ALJ's conclusion may or may not change on remand, the Court must conclude that the ALJ's reasoning, and thus its position—was not substantially justified. The ALJ's conclusion was based upon a fundamental error, and the Government has not carried its burden to establish that its position was substantially justified.

### C.  The Affidavit Error

The parties dispute whether the Appeals Council's error was actually grounds for reversal. The Ninth Circuit notes that the Council offered erroneous reasons for rejecting the affidavits—but simultaneously notes that the Council need not state any reason at all. *See Oberg v. Astrue*, No. 11-35047, at 2–4 (9th Cir. Mar. 19, 2012) (unpublished memorandum disposition). Indeed, the Appeals Council is "not required to make any particular evidentiary finding when it reject[s] evidence . . . obtained after an adverse administrative decision." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011) (citing *Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996)). Again, the appellate court did not comment on whether such evidence would change the ALJ's ultimate conclusion. It is unclear to the Court whether the Ninth Circuit thought the Council's error sufficient to merit reversal, or whether the error was discussed merely because the case was already being remanded due to the age error. Thus, it is unclear whether the government's position was substantially justified, and the Court must therefore conclude that the Government failed to carry its burden. Although, the Court must simultaneously conclude that this holding played only a small role in the Ninth Circuit's reversal.

### D.  Fees

The Court finds that the "special circumstances" discussed above make a full award of fees inappropriate. While it was the ALJ's error that generated this litigation, the litigation was

unduly lengthy because the primary basis for reversal was discovered only at the latest possible moment—and not by Plaintiffs' counsel. Some concession on fees is therefore warranted.

In determining appropriate fees, a court must consider the results obtained, i.e., whether the prevailing party "achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Where a plaintiff has obtained excellent results, her counsel should normally recover all hours reasonably expended on the litigation times a reasonable hourly rate. Where a plaintiff obtained complete relief, the fee award should not be reduced on the grounds plaintiff pursued "certain issues of fact and law that ultimately did not became litigated issues in the case or upon which plaintiff[ ] did not prevail." *Id.* at 431 (citing *Davis v. County of Los Angeles*, 8 F.P.D. 9444, 5049 (C.D.Cal.1974)). But, if a plaintiff achieved only partial or limited success, this simple calculation may result in an excessive award. *Id.* at 436. Simply saying that a plaintiff is "a prevailing party therefore may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved." *Id.* Thus, where a plaintiff achieves partial success, the Court should focus on the significance of the overall relief obtained in relation to the hours reasonably expended on the litigation. *Id.* at 435.

Although the Ninth Circuit remanded the case, the grounds for remand do not necessarily suggest that the ALJ's conclusion was wrong (although that question is certainly for the ALJ, not this Court). Further, Plaintiff won its appeal on an issue it did not raise, thus making a sizable amount of the time spent on appeal worthless.

As other courts have noted, "there is no precise formula for making fee determinations and in this particular case no precise way of assessing the exact success" of a plaintiff. *Hanif v. Astrue*, No. 11-cv-0513, 2012 WL 933086, at *3 (W.D. Wash. Feb. 14, 2012). The Court will reduce the award by the hours expended on Plaintiff's opening appellate brief, a brief which should have but did not contain the basis on which the Ninth Circuit remanded. The Government's disclosure of the ALJ's in its response brief makes Plaintiffs' reply and oral argument necessary.

In sum, the Court finds that counsels' rates ($172.24 in 2009; $175.06 in 2010; $1789.51 in 2011; and $182.37 in 2012) are reasonable.  Mr. Halpern's hours as requested are reasonable, and Mr. Baird hours will be reduced to 20.8, reflecting the reduction discussed above.[1]  Mr. Halpern's fees are therefore $6,115.98; Mr. Baird's are $3,765.27.  Plaintiff must submit an itemized bill of costs distinguishing trial costs (which are recoverable) from appellate costs (which are not recoverable, per the Ninth Circuit's order).  Thus, the total fees are $9,881.25.

Additionally, the Government has rightly noted that the Ninth Circuit ordered the parties to bear their costs on appeal, and Plaintiff has not given an itemized bill of costs such that the Court can determine which costs were incurred at the district court and which costs were incurred on appeal.  If Plaintiff wishes to recover costs, she must file an itemized bill.  For ease and efficiency, Plaintiff is requested to confer with opposing counsel about whether the costs will be challenged and advise the Court regarding such.

### III.  CONCLUSION

The total award—$9,944.95 ($9,881.25 in fees and $63.70 in expenses)—shall be delivered via check to Plaintiff's counsel, Elie Halpern at Elie Halpern & Associates, PLLC, 1800 Cooper Pt. Road S.W., Bldg. 19, Olympia, Wa. 98502.

Dated this 23rd day of August 2012.

Ronald B. Leighton
United States District Judge

---

[1] The hours awarded are for appellate expenditures from July 19, 2011 onward.  (*See* Decl. of Elie Halpern, Dkt. #44, Ex. A at 3.)